<u>**\*NOT FOR PUBLICATION\***</u>

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

|  |  |  |
|---|---|---|
| HAKIEM BUTLER, | : | |
| Petitioner, | : | Civil Action No. 12-4681 (CCC) |
| | : | |
| v. | : | **OPINION** |
| | : | |
| CHRISTOPHER HOLMES, *et al.*, | : | |
| Respondents. | : | |

<u>**CECCHI, District Judge:**</u>

Petitioner Hakiem Butler ("Petitioner"), confined at South Woods State Prison in Bridgeton, New Jersey, files the instant Petition for a Writ of Habeas Corpus ("Petition") pursuant to 28 U.S.C. § 2254, challenging a sentence imposed by the State of New Jersey for robbery and carjacking. Respondents Christopher Holmes and Ann Milgram ("Respondents"), in their Answer, argue that the Petition is untimely. For reasons stated below, the Court denies the Petition as time-barred.

## I.    FACTUAL BACKGROUND

The Court recites only those facts relevant to this Opinion. Petitioner was convicted and sentenced by the State of New Jersey for robbery, carjacking, and firearm offenses on March 24, 2000, after a jury trial. (ECF No. 10-2 at 2.) An appeal was filed challenging the conviction and sentence, and they were affirmed on February 21, 2002. (ECF No. 10-4 at 2.) Certification was denied by the New Jersey Supreme Court on May 22, 2002. (ECF No. 10-5 at 2.).

Thereafter, on September 11, 2002, Petitioner filed for post-conviction relief ("PCR"). (ECF No. 1-1 at 3.) Petitioner's request for PCR was denied on July 3, 2008. (ECF No. 10-7 at

2.) An appeal from the PCR denial was filed out-of-time on June 18, 2009. (ECF No. 10-9 at 2.) The denial of PCR was affirmed on August 31, 2011. (ECF No. 10-14 at 2.) The New Jersey Supreme Court denied certification on February 9, 2012. (ECF No. 10-17 at 2.) On July 26, 2012, Petitioner filed the instant Petition, which was not dated, although a letter submitted to the Court along with the Petition was dated July 20, 2012. (ECF No. 1-1.) Respondents filed an Answer on February 13, 2013. (ECF No. 9.)

## II.    DISCUSSION

### A. Statutory Tolling

Title 28, Section 2244 of the U.S. Code provides that "[a] 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court." 28 U.S.C. § 2244(d)(1). In most cases and in this particular case, the one-year period begins on "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). Based on the statutory language, the Supreme Court held that even when a defendant does not file a petition for certiorari with the United States Supreme Court on direct review, the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") one-year limitations period starts to run when the time for seeking such review expires. *Gonzalez v. Thaler*, 132 S. Ct. 641, 653 (2012); *Clay v. United States*, 537 U.S. 522, 532 (2003); *Gibbs v. Goodwin*, No. 09-1046, 2009 WL 1307449, at *2 (D.N.J. May 1, 2009) (citing *Swartz v. Meyers*, 204 F.3d 417, 419 (3d Cir. 2000); *Morris v. Horn*, 187 F.3d 333, 337 n.1 (3d Cir. 1999)) (holding that the period of direct review "include[s] the 90-day period for filing a petition for writ of certiorari in the United States Supreme Court").

However, "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be

counted toward any period of limitation under this subsection." 28 U.S.C. § 2244(d)(2). In other words, while a valid state post-conviction review is pending, the one-year limitation is tolled. This tolling does not include any petition for writ of certiorari in the United States Supreme Court for review of a denial of post-conviction relief. *Jenkins v. Superintendent of Laurel Highlands*, 705 F.3d 80, 85 n.5 (3d Cir. 2013) (citing *Lawrence v. Florida*, 549 U.S. 327, 332 (2007)). Overall, "AEDPA's limitation period 'does not set forth an inflexible rule requiring dismissal whenever its clock has run.'" *Id.* at 84-85 (quoting *Holland v. Florida*, 560 U.S. 631, 645 (2010)). Rather, the limitations period is subject to both statutory and equitable tolling. *Id.* at 85. If a denial of post-conviction relief is appealable in state court but an appeal was not filed, statutory tolling includes "the time during which an appeal could be filed even if the appeal is not eventually filed." *Swartz*, 204 F.3d at 424 (3d Cir. 2000). However, if an out-of-time appeal is filed, even if the appeal is accepted as properly filed by the state appeals court, statutory tolling does not include the period between the expiration of timely appeal and when the appeal was actually filed. *Id.* at 423 n.6 ("We . . . agree that the time during which Swartz's nunc pro tunc request for allowance of appeal was pending does not toll the statute of limitation.").

Here, Respondents argue that the Petition is time-barred by AEDPA's statute of limitations. The Court agrees. Petitioner's conviction and sentence was final, for the purposes of AEDPA's statute of limitations, 90 days after the New Jersey Supreme Court denied certification on his direct appeal, which was August 20, 2002. Petitioner filed for PCR on September 11, 2002, so his statute of limitations ran for 22 days for this short delay, at which point it was tolled for the duration of his PCR application. His PCR application was denied on July 3, 2008, and no timely appeal was filed. This means that his statutory tolling under AEDPA began to run again at the expiration of

his time to appeal the trial court's PCR decision, which was 45 days after the denial – August 17, 2008. *See* N.J. Court Rules, R. 2:4-4(a); *Lombardi v. Masso*, 207 N.J. 517, 540-41 (2011).

As such, his one-year limitations period ran from August 17, 2008, until when he finally filed his notice of appeal on June 18, 2009, for a period of 305 days. Assuming that the appeal was accepted by the state court as properly filed, the one-year limitations period was tolled again, until the New Jersey Supreme Court denied certification on February 9, 2012. *See Gibbs v. Bartkowski*, No. 13-2242, 2015 WL 1881061 (3d Cir. Apr. 17, 2015). At that point, 327 days had run from the one-year limitations period, so Petitioner had 38 days, or until March 18, 2012, to file a timely habeas petition with this Court. As stated above, although the Petition was not dated, the accompanying letter was dated July 20, 2012, so the Court finds that the Petition, for the purposes of the statute of limitations issue, was filed on that day. Therefore, the Petition is statutorily time-barred.

### B. Equitable Tolling

Even if the statutory time bar has passed, Petitioner may overcome that limitation if he can show a basis for equitable tolling. *Gibbs*, 2009 WL 1307449, at *3; *Fahy v. Horn*, 240 F.3d 239, 244 (3d Cir. 2001). "Generally, a litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstances stood in his way." *Ross v. Varano*, 712 F.3d 784, 798 (3d Cir. 2013) (citations omitted). "Extraordinary circumstances permitting equitable tolling have been found where: (1) the petitioner has been actively misled; (2) the petitioner has been prevented from asserting his rights in some extraordinary way; (3) the petitioner timely asserted his rights in the wrong forum, or (4) the court has misled a party regarding the steps that the party needs to take to preserve a claim." *Gibbs*, 2009 WL 1307449, at *3 (internal citations omitted).

4

"The diligence required for equitable tolling purposes is reasonable diligence." *Ross*, 712 F.3d at 799. "This obligation does not pertain solely to the filing of the federal habeas petition, rather it is an obligation that exists during the period appellant is exhausting state court remedies as well." *Id.* "The fact that a petitioner is proceeding pro se does not insulate him from the 'reasonable diligence' inquiry and his lack of legal knowledge or legal training does not alone justify equitable tolling." *Id.* at 800.

Here, Petitioner makes a single argument for equitable tolling – that he was prevented from filing a timely federal habeas petition after exhausting state court remedies, because prison officials caused a 161-day delay in responding to his request for a prison account statement, for the purposes of Petitioner's *in forma pauperis* application. (ECF No. 1-2.) However, the docket shows that there was no need for an *in forma pauperis* application; Petitioner submitted his five-dollar filling fee with his Petition. (*See* ECF No. 1.) Therefore, there was no actual impediment to Petitioner's filing of the Petition, regardless of how much delay prison officials might have caused in responding to Petitioner's request for an account statement. That Petitioner made a mistake in believing that an *in forma pauperis* application was needed to file his Petition is not a valid ground for equitable tolling. *See Ayers v. Phelps*, 723 F. Supp. 2d 718, 722 (D. Del. 2010) ("[A] petitioner's lack of legal knowledge or miscalculation regarding the one-year filing period does not constitute an extraordinary circumstance triggering equitable tolling."); *Lewis v. Phelps*, 672 F. Supp. 2d 669, 674 (D. Del. 2009); *Covert v. Tennis*, No. 06-421, 2008 WL 4861449, at *5 (M.D. Pa. Nov. 7, 2008) ("[I]gnorance of the law, even for an incarcerated *pro se* petitioner, generally does not excuse prompt filing.").

Furthermore, as described above, the bulk of the delay that occurred in this case was due to Petitioner's untimely appeal of his PCR denial, for which Petitioner offers no justification.

Although Petitioner's mistake was unfortunate and he is not entitled to equitable tolling, that mistake might not have been fatal to the Petition had Petitioner diligently pursued his state court remedies—without the 305-day delay in the PCR appeal, the alleged 161-day delay in filing the Petition would still have been well within the one-year limitations period under AEDPA. As such, Petitioner cannot place the blame of his untimely filing on the prison officials. *See Rinaldi v. Gillis*, 248 F. App'x 371, 381 (3d Cir. 2007) (finding that equitable tolling was not warranted for the alleged extraordinary circumstance that occurred in state PCR proceedings, when the petitioner still had one-and-one-half month left to file a federal habeas petition after exhausting state remedies). Accordingly, the Court finds that equitable tolling is not warranted, and the Petition is time-barred by AEDPA.

### C. Certificate of Appealability

Finally, the Court denies a certificate of appealability. AEDPA provides that an appeal may not be taken to the court of appeals from a final order in a § 2254 proceeding unless a judge issues a certificate of appealability on the ground that "the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). In *Slack v. McDaniel*, 529 U.S. 473, 484 (2000), the United States Supreme Court held that "[w]hen the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling."

Here, the Court denies a certificate of appealability pursuant to 28 U.S.C. § 2253(c) because jurists of reason would not find it debatable that dismissal of the Petition is correct.

## III.   CONCLUSION

For the reasons set forth above, the Petition is DENIED as time-barred.

**Claire C. Cecchi, U.S.D.J.**

Dated:  September 15, 2015